UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**MACTRAVIS GORRELL**                  **CIVIL ACTION NO. 3:16-cv-1107**
   **LA DOC#501393**

VS.                                                     **SECTION P**

                                                                 **JUDGE ROBERT G. JAMES**

**STATE OF LOUISIANA, ET AL**           **MAGISTRATE JUDGE HAYES**

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. § 2254) filed on July 14, 2016 by *pro se* petitioner MacTravis Gorrell. Gorrell is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), incarcerated at the Madison Parish Detention Center, Tallulah, Louisiana, where he is serving a sentence of twenty years, imposed following his October 2007 conviction in the Twelfth Judicial District Court, Avoyelles Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition and accompanying exhibits establish the following relevant facts:

1. On October 11, 2007, after pleading guilty to two counts of Attempted Second Degree Murder, petitioner was sentenced to twenty years. [Rec. Doc. 7, pp. 1-2]

2. Petitioner did not file a direct appeal. [Rec. Doc. 7, p. 2, ¶8]

3. On February 28, 2008, Petitioner filed a Motion to Amend and Modify Sentence, which was denied on February 23, 2011. [Rec. Doc. 7-2, p. 6]

4. Petitioner filed an Application for Post Conviction Relief in September 2008 and

duplicate application in March 2009. [*See* April 23, 2009 Ruling by the Trial Court, Criminal Docket No. 140,071-A at Rec. Doc. 7-2, pp. 14-15] The following issues were raised: (1) his conviction was obtained by an unlawfully induced plea; (2) the Judge failed to inform petitioner of the minimum and maximum sentence he could receive; and (3) ineffective assistance of counsel. [Rec. Doc. 7, p. 4]

     5. Pursuant to the April 23, 2009, Reasons for Ruling, petitioner was denied post-conviction relief. [Rec. Doc. 7-2, pp. 14-15]

     6. Petitioner filed an "Emergency Petition for Writ of Habeas Corpus" on September 24, 2013, arguing that his custody was in violation of Articles 1, 2, 13 and 14 of the Louisiana Constitution and the 5th, 6th and 14th Amendments of the Constitution. [Rec. Doc. 7-2, pp. 16-19] The Court determined that petitioner's filing should have been sent as a Post Conviction Relief and denied same on July 1, 2014. [Rec. Doc. 7-2, p. 20]

     7. Petitioner did not appeal any of his petitions or applications, stating as his reasoning that he is a "neophyte and had no further knowledge of the law beyond this point." [Rec. Doc. 7, pp. 5, 6, 7, 9, 10, 12]

     8. Petitioner also states that he has newly discovery evidence, photographs that were "purposefully withheld by the prosecution and defense attorney." [Rec. Doc. 7, pp. 12-13]

## LAW AND ANALYSIS

Title 28 U.S.C. §2254 states, in pertinent part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court <u>shall not be granted unless it appears that</u>
>
> (A) <u>the applicant has exhausted the remedies available in the courts of the State</u>; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

This statute codified the jurisprudential rule of exhaustion which requires that state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution, therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998).

Not only must a federal *habeas* petitioner fairly present his federal constitutional claim to the state courts, he must fairly present his claims to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom*., *Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court. LSA Const. Art. 5,

§ 5.

Thus, in order to properly exhaust a claim in the Louisiana courts, a federal *habeas* applicant must have (1) fairly presented the substance of his federal constitutional claims (2) in a procedurally correct manner according to the rules of the state courts (3) to the Louisiana Supreme Court. *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir.2001; *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir.1993); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).

Petitioner has presented his federal *habeas* claims to the Twelfth Judicial District Court in the context of multiple applications for post-conviction relief[1]. Under Louisiana law, he had the right to seek review of the trial court's dismissal by invoking the supervisory jurisdiction of the Third Circuit Court of Appeals (see La. C.Cr.P. art. 930.6) and thereafter, if needed, further review in the Louisiana Supreme Court. His failure to present these claims to the Court of Appeals and the Supreme Court establish his failure to exhaust available State court remedies and warrant dismissal of his petition.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DISMISSED WITHOUT PREJUDICE** because petitioner's claims remain unexhausted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any

---

[1] While Petitioner does make mention of "newly discovered evidence," yet to be raised in the state court, this claim has neither been presented as a ground for relief in the instant petition, nor has it been properly exhausted. As such, it is of no moment in this discussion.

objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 21st day of September, 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE